**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

GEORGE McKEE,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-91

(Case No. 2:11-cr-25)

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

George McKee, ("McKee"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.) For the reasons which follow, I **RECOMMEND** this Court **DISMISS** McKee's Motion, **DENY** McKee *in forma pauperis* status on appeal, and **DENY** McKee a Certificate of Appealability.

## BACKGROUND

McKee was convicted in this Court, after a guilty plea, of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). J., United States v. McKee, 2:11-cr-25 (S.D. Ga. July 23, 2012), ECF No. 62. McKee was sentenced to 120 months' imprisonment on July 23, 2012. Id. McKee did not appeal his sentence. McKee filed the instant Section 2255 Motion on June 22, 2016. (Doc. 1.)

1

**DISCUSSION**

On June 26, 2015, the United States Supreme Court found the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) ("ACCA"), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, ___ U.S. ___, 135 S. Ct. 2551 (June 26, 2015). The "residual clause" of the ACCA's violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another[.]" 18 U.S.C. § 924(e)(2)(B)(i). In Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257, 1265 (Apr. 18, 2016), the Supreme Court held that Johnson is a substantive decision which applies retroactively to cases on collateral review. On June 27, 2016, the Supreme Court granted certiorari in Beckles v. United States, No. 15-8544, ___ U.S. ___, 136 S. Ct. 2510 (June 27, 2016), to decide whether Johnson applies to the identical "crime of violence" definition within United States Sentencing Guideline § 4B1.2(a)(2), and, if so, whether it applies retroactively.

McKee asserts that, in light of the United States Supreme Court's decision in Johnson, he is innocent of his conviction pursuant to 18 U.S.C. § 2252A(a)(2) for distribution of child pornography. (Doc. 1, pp. 2–3.) Specifically, McKee argues that, during the pendency of his criminal proceeding, he was detained under the provisions of the Bail Reform Act.[1] Because the Bail Reform Act, 18 U.S.C. §3156(a)(4)(A), contains language identical to the language struck down by the Supreme Court as void for vagueness in the ACCA's residual clause, McKee argues that he is entitled to a sentence reduction.

Respondent argues that, even assuming the Bail Reform Act contains unconstitutionally vague language, a flaw in the statute that governed McKee's pretrial detention would not suffice to reduce or vacate his conviction under a separate statute—18 U.S.C. § 2252A(a)(2). (Doc. 3,

---

[1] The Bail Reform Act contains a residual clause defining a "crime of violence" as "any felony under chapter . . . 110 [of Title 18]." See 18 U.S.C. § 3156(a)(4)(C). McKee was convicted of an offense under chapter 110 of Title 18.

p. 4.)  In the alternative, Respondent argues that the provision of the Bail Reform Act containing residual clause-type language was not applied to McKee.  Therefore, according to Respondent, the language in that statute cannot serve as a basis to reduce or vacate his sentence.[2]  (Id.)  Finally, Respondent argues that, because McKee's statute of conviction—18 U.S.C. § 2252A(a)(2)—does not contain language similar to the residual clause at issue in Johnson, he may not obtain any sentence reduction as a result of that decision.  (Id. at pp. 2–3.)

McKee filed a Reply to Respondent's Response, in which he reiterates the arguments presented in his Motion.  (Doc. 4.)

## II. Whether McKee's Motion is Timely Filed

To determine whether McKee's Motion was filed in a timely manner, the Court must look to the applicable statute of limitations periods.  Motions made pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations period.  28 U.S.C. § 2255(f).  This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

---

[2] The Bail Reform Act provides for a rebuttable presumption of detention if the defendant has been convicted of or released from imprisonment for a "crime of violence" within the past five years, and that "crime of violence" was committed while on pre-trial release for some other criminal offense.  See 18 U.S.C. §§ 3142(e)(2)(A), (f)(1)(A).

McKee was sentenced to 120 months' imprisonment on July 23, 2012. J., United States v. McKee, 2:11-cr-25 (S.D. Ga. July 23, 2012), ECF No. 62. McKee had ten (10) days, or until August 2, 2012, to file a notice of appeal. Fed. R. App. P. 4(b)(1)(A)(i); Fed. R. Civ. P. 6(a); Murphy v. United States, 634 F.3d 1303, 1307 (11th Cir. 2011) (noting that, when a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires). Because McKee did not file an appeal, he had until August 2, 2013, to file a timely Section 2255 motion. 28 U.S.C. § 2255(f)(1). McKee did not execute his Section 2255 Motion until June 22, 2016, which was nearly three years after the expiration of the applicable statute of limitations period. Consequently, McKee's Motion is untimely under § 2255(f)(1). Furthermore, McKee fails to argue that he is entitled to equitable tolling or to the statute of limitations periods set forth in Sections 2255(f)(2) or (4).

McKee ostensibly raises a Johnson claim, and as noted above, in Welch, the Supreme Court made its decision in Johnson retroactive to cases on collateral review. Thus, if McKee actually asserted a right newly recognized by the Supreme Court in Johnson, Section 2255(f)(3) could arguably allow McKee to bring his Section 2255 Motion at this time. However, as discussed in Section II below, McKee does not bring a cognizable Johnson claim. Consequently, his Motion is time barred.

## II.     Whether Johnson Applies to McKee's Motion

McKee contends that he is entitled to a sentence reduction pursuant to the Supreme Court's decision in Johnson. However, McKee was not sentenced under the statutory provisions of the ACCA. Moreover, McKee did not receive any enhancement to his sentence pursuant to Section 4B1.2(a)(2) of the Sentencing Guidelines. Indeed, McKee did not receive any enhancement based on language similar to the ACCA's "residual clause" that might make

4

Johnson applicable to his claim. Rather, McKee was convicted and sentenced under 18 U.S.C. § 2252A(a)(2), which itself contains no "residual clause" whatsoever, unlike Section 924(e), as determined in Johnson. Therefore, because McKee was not sentenced under the ACCA or a statute or guideline containing language similar to the "residual clause", Johnson does not apply to his sentence pursuant to 18 U.S.C. § 2252A(a)(2). See, e.g., United States v. Ruggiero, 791 F.3d 1281, 1290–91 (11th Cir. 2015) (rejecting vagueness challenge to conviction for producing child pornography in violation of 18 U.S.C. § 2251(a), characterizing argument as a "Hail Mary [that] flutters feebly and falls to the ground").

Thus, the retroactivity exception to the statute of limitations in Section 2255(f)(3) is not applicable, and Mckee's Motion, filed over a year after his conviction became final, is untimely and without merit.

For these reasons, I **RECOMMEND** the Court **DISMISS** McKee's Section 2255 Motion as being untimely filed.

### III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny McKee leave to appeal *in forma pauperis*. Though McKee has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or

argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of McKee's Motion and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appeal; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the

6

Court adopts this recommendation and denies McKee a Certificate of Appealability, McKee is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** this Court **DISMISS** McKee's Motion, **DIRECT** the Clerk of Court to **CLOSE** this case, **DENY** McKee *in forma pauperis* status on appeal, and **DENY** McKee a Certificate of Appealability.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon McKee and the United States Attorney for the Southern District of Georgia.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of November, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA